IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOLLY'S CAFÉ LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ILLINOIS GAMING BOARD, et al.,<br><br>*Defendants*. | No. 19 C 01666<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dolly's Café, LLC, doing business as Lulu's Place, brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff's three-count Amended Complaint alleges violations of the Due Process and Equal Protection clauses, along with a state law claim for Administrative Review under 735 ILCS 5/3-101. (Dkt. 17). Plaintiff operates a video gaming establishment and is challenging the decision of the Illinois Gaming Board to shut down all five gaming terminals at its location. Defendants filed the instant Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. For the reasons outlined below, Defendants' Motion is granted, and Plaintiff's Amended Complaint is dismissed.

**BACKGROUND**

Plaintiff applied to the Illinois Gaming Board for a video gaming license on October 12, 2015. (Dkt. 17, pg. 5). After multiple visits by the Gaming Board to Plaintiff's premise, the Gaming Board approved Plaintiff's license application on

November 16, 2017. (*Id.* at pg. 6). About one year later, Defendant Ron Jones, a Gaming Board investigator, visited Plaintiff's location. (*Id.*). Plaintiff and the establishment immediately next door to it share a common owner. (*Id.* at pg. 16). Jones informed Plaintiff that it was not allowed to own and operate adjacent establishments which both had gaming licenses. (*Id.*). Later that day, the Gaming Board shut down the video game terminals at Lulu's Place. (*Id.*). The same day, the Gaming Board provided Plaintiff with its reasoning for shutting down the gaming terminals. (*Id.*). The letter read, in part:

> When two or more adjacent businesses appear to the Administrator to be a single business, or are operated by the same or commingled ownership, then the Administrator may limit those businesses to the maximum number of video gaming terminals. The maximum will be the number permitted under Illinois law for one business as the total number of video gaming terminals authorized for both or more such businesses, where the administrator determines that the limitation would further the intent of the Act and the integrity of video gaming in the State of Illinois.

(*Id.*). The letter from the Gaming Board also informed Plaintiff that, "pursuant to Board Rule 1800.615, [Plaintiff] may request a hearing of this determination." (Dkt. 32, pg. 29). Further, the Gaming Board explained that any hearing challenging the decision would "be a *de novo* proceeding where [Plaintiff] will have the burden of proving by clear and convincing evidence [its] suitability to maintain 5 video gaming terminals at each establishment." (*Id.*). Plaintiff does not allege it undertook any efforts to seek relief before the Illinois Gaming Board or in the state court system and instead attempts to redress these purported violations at the first instance in federal

court.  Plaintiff asserts it has sustained $152,684.00 in lost business revenue.  (Dkt. 17, pg. 14).

Defendants first moved to dismiss Plaintiff's Original Complaint filed March 8, 2019.  (Dkt. 12).  The Court entered a briefing schedule on the motion and instead of responding, Plaintiff filed, without seeking leave, its Amended Complaint nearly a month after its response to the motion to dismiss was due.  (Dkts. 15, 17).  Regardless, the Court accepted the Amended Complaint and Defendants' first motion to dismiss was rendered moot.  (Dkt. 21).  Thereafter, Plaintiff filed a Motion to Seal and Supplement its Amended Complaint.  (Dkt. 22).  The motion sought to file a sealed Second Amended Complaint due to certain personally sensitive material contained within.  (*Id.*).  The proposed Second Amended Complaint was contained within the motion, not attached as a separate exhibit.  (*Id.*).  The Court granted the motion to file a sealed Second Amended Complaint (Dkt. 23), but Plaintiff never filed the proposed Second Amended Complaint on the docket.  Because of this, Defendants moved to dismiss the Amended Complaint—which, as the docket currently stands, appears as the operative Complaint.  Despite Plaintiff's failure and Defendants' excusable oversight, the confusion is of no import here. The Amended Complaint and Second Amended Complaint are identical, with the only difference being Plaintiff's intent to have the latter filed under seal.  Therefore, any arguments in favor of, or opposed to, dismissal are applicable to either pleading and the outcome would be the same regardless.

## **LEGAL STANDARD**

In reviewing a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must assess whether the plaintiff carried its burden of establishing that jurisdiction is proper. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 588-89 (7th Cir. 2014). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). To determine whether jurisdiction exists, the court turns to the complaint along with evidence outside of the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). A court lacking subject-matter jurisdiction must dismiss the action without proceeding to the merits. *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion is meant to challenge the legal sufficiency of the complaint. *Christiansen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 457 (7th Cir. 2007). The Court accepts all well-pleaded allegations as true and views them in a light most favorable to plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). Though, the Court need not accept as true statements of law or statements that are merely conclusory and unsupported factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff's complaint must allege facts that establish its right to relief is more than speculative.

*Cochran v. Ill. State Toll Highway Auth.,* 828 F.3d 597, 599 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. Proper defendants in § 1983 actions

The Eleventh Amendment serves as a bar to certain federal court actions "against a state, state agencies, or state officials acting in their official capacities." *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). While exceptions do exist, suits under § 1983 are not one of those recognized exceptions. *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983.").

Initially, to the extent that Plaintiff seeks to name the Illinois Gaming Board in either of its Fourteenth Amendment claims, the Gaming Board, as a state agency, is dismissed as an improper party. *Thomas,* 697 F.3d at 613. Plaintiff's Amended Complaint is less than clear with regard to whether Defendants are sued in their individual or official capacities and whether Plaintiff seeks monetary or injunctive relief.[1] On its face, the Amended Complaint seeks to hold the individual Defendants

---

[1] Unfortunately, this is representative of Plaintiff's counsel's approach to this case as a whole. Aside from the noted failure of Plaintiff's counsel to properly file the Second Amended Complaint and his dilatory nature exhibited in multiple rounds of Motion to Dismiss briefing, the Amended Complaint and Response brief leave much to be desired from a member of the Bar. Aside from frequent typographic and grammatical errors, Plaintiff's submissions to this Court consist of meandering and oftentimes wholly irrelevant argument. For instance, portions of Plaintiff's Response seem to be copied from a brief filed in an unknown case in Florida state court. *See* (Dkt. 32, pg. 16). At times, Plaintiff aimlessly transitions between speaking in the first and third person, leaving the Court guessing as to

liable on the Due Process and Equal Protection claims solely in their official capacity. (Dkt. 17, pg. 9). Yet, Plaintiff goes on to seek compensatory and punitive damages against each Defendant. (*Id.* at pg. 14). In an attempt to clarify its position, Plaintiff states in its Response brief "that the Defendants are sued in their individual capacity for money damages [sic] in their official capacities for injunctive relief." (Dkt. 32, pg. 8).

Irrespective of the relief sought, Plaintiff has failed to state any claim against Defendants Lorenzini and Tracy. At a bare minimum, Plaintiff must allege that Defendants were "personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas,* 895 F.3d 492, 498 (7th Cir. 2018); *Franklin v. Bowens,* 777 Fed.Appx. 168, 169 (7th Cir. 2019). This personal responsibility requirement can be "satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent." *Id.* Here, Plaintiff fails to meet even this relatively low bar. Aside from listing Defendants Tracy and Lorenzini as parties to the case, the Amended Complaint is completely devoid of any mention of them, much less an allegation connecting them to Plaintiff's alleged constitutional deprivations. Even after Defendants note this defect in their Motion to Dismiss, Plaintiff fails to even acknowledge this fatal oversight. To the extent Plaintiff attempts to overcome this shortcoming with generalized allegations of vicarious liability or respondeat superior, those arguments similarly fail as government officials are not deemed liable merely because of their official title. *Iqbal,* 556 U.S. at

---

the Plaintiff's allegations. *See* (Dkt. 17, pg. 5). Moreover, Plaintiff repeatedly relies upon centuries-old case law as opposed to providing this Court with up-to-date precedent from this circuit.

676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to state any claim against Tracy and Lorenzini and consequently, Defendants' Motion to Dismiss is granted as it pertains to the two respective Defendants. As such, the following analysis applies solely to the remaining individual Defendant, Defendant Jones.

## II. Due Process Clause

For Plaintiff's Procedural Due Process claim to survive a Motion to Dismiss, it must allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Determining the existence of a protected interest is not an exercise of simply referring to the Constitution, rather interests "'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Barrows v. Wiley*, 780 (7th Cir. 2007) (quoting *Deen v. Darosa,* 414 F.3d 731, 734 (7th Cir. 2005)).

Plaintiff's Procedural Due Process claim falters on the first prong. Plaintiff fails to even allege a protected interest in its Amended Complaint or remedy this failure in its Response.[2] Even reading between the lines and making the assumption on behalf of Plaintiff that it does in fact allege a protected interest in the form of its

---

[2] Instead, as one such example of the previously mentioned references to a Florida proceeding, Plaintiff points to some wrong "committed by the Circuit Court for the State of Florida whose power deprives from the Constitution of the Great State of Florida" and in the very next sentence jumps to the conclusory statement that "[t]herefore, this prong is satisfied." (Dkt. 32, pg. 16). The response then quickly devolves into a confused screed, engaging in broad platitudes on the abstract importance of due process, and curiously referencing the Magna Carta. (*Id.* at pgs. 16-17).

now revoked gambling license would not be enough to defeat Defendants' Motion. The Supreme Court of Illinois has addressed the issue and flatly foreclosed the notion that a protected liberty interest exists in the form of a gambling license. *J & J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 26, 67 N.E.3d 243, 251 ("There is no common-law right in Illinois to engage in or profit from gambling. … The Act, which legalized the use of video gaming terminals under certain limited circumstances, is an exception to the general prohibition against gambling. … Consequently…gaming contracts that do not conform to the applicable regulatory requirements are void.") (internal citations omitted). Plaintiff has identified no other source of its supposed liberty interest and the Court is aware of none. Thus, Plaintiff has failed to state a claim for violation of the Due Process clause and Defendants' Motion is granted as to Count I.

### III. Equal Protection Clause

To successfully plead a class-of-one Equal Protection claim, a plaintiff must allege "(1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment." *Fares Pawn, LLC v. Indiana Dep't of Fin. Institutions,* 755 F.3d 839, 845 (7th Cir. 2014) (citing *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). To fulfill the first prong, "a comparator must be 'identical or directly comparable' to the plaintiff 'in all material respects.'" *Miller v. City of Monona,* 784 F.3d 1113, 1120 (7th Cir. 2015) (quoting *LaBella Winnetka, Inc. v. Vill. of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010)); *Chicago Studio Rental, Inc. v. Illinois Dep't of Commerce,* 940 F.3d 971, 980

(7th Cir. 2019) ("[Plaintiff] must show that it was treated differently than another entity that is prima facie identical in all relevant aspects.") (internal quotations omitted). The second prong of the analysis is more demanding and requires the plaintiff show the absence of *any* rational basis for the state action. *Miller,* 784 F.3d at 1120. Even alleging that the state acted with malice or an improper motive is insufficient because "'a given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity.'" *Fares Pawn,* 755 F.3d at 845 (quoting *Flying J Inc. v. City of New Haven,* 549 F.3d 538, 547 (7th Cir. 2008)). To defeat a class-of-one claim at the pleadings stage, defendants need only identify a single "conceivable rational basis for the different treatment; it does not need to be the actual basis for defendant's actions." *Chicago Studio Rental,* 940 F.3d at 980.

Plaintiff has failed to successfully plead that Defendants lacked a rational basis for revoking its gaming license and therefore its Equal Protection claim fails. Plaintiff concentrates its effort on the first prong of the Equal Protection claim—that it was treated differently than a similarly situated entity—and outside the conclusory assertion that "there exists no rational or legitimate basis for the" Defendants' actions, Plaintiff does not address the second prong regarding Defendants' basis for the action. (Dkt. 32, pg. 19). There is little doubt that Illinois "has a legitimate interest in creating and maintaining public confidence and integrity in the video gaming industry." *Dotty's Café v. Illinois Gaming Bd.,* 2019 IL App (1st) 173207, ¶ 38. These interests are intimately related to the well established state interests of

consumer protection and public health—both areas which are unquestionably within the realm of legitimate state interests. *Id.* The action Plaintiff complains of was made pursuant to Illinois Gaming Board Rule 810(c). (Dkt. 17, pg. 6). Rule 810(c) places certain limits on the number of gaming terminals adjacent businesses can operate when those businesses have a common ownership. (*Id.*). In its Motion, Defendants proffer three bases for the Rule and their action specifically with respect to Plaintiff : (1) to "keep[] the number of terminals limited to make regulation easier," (2) "to prevent a heavy concentration of terminals in one business because that may increase the potential for fraud and corruption," and (3) to be fair to other businesses that abide by the rules. (*Id.* at pgs. 13-14). To dispose of Plaintiff's Equal Protection claim, Defendants need only identify a *single conceivable* rational basis for their action. *Chicago Studio Rental,* 940 F.3d at 980. Here, they offer three, with each rationally and reasonably related to an important state interest. Each of the justifications remains unrebutted. Therefore, Plaintiff has failed to state an Equal Protection claim and Count II is dismissed.

## IV. Administrative Review

Pendent jurisdiction allows a court which has jurisdiction over one claim to exercise jurisdiction over other claims where jurisdiction may otherwise be independently lacking. *See Robinson Eng'g Co. Pension Plan & Tr. v. George,* 223 F.3d 445, 449-50 (7th Cir. 2000). District Courts maintain broad discretion to relinquish pendent jurisdiction over state law claims when the "anchor" federal claim drops out of the proceeding. *See Dietchweiler by Dietchweiler v. Lucas,* 827 F.3d 622,

631 (7th Cir. 2016). Plaintiff's federal claims, Counts I and II, have been dismissed. With no independent basis for federal question jurisdiction over Count III, the Court declines to exercise pendent jurisdiction over Plaintiff's claim for administrative review. Count III is dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons detailed above, Defendants' Motion to Dismiss is granted. Plaintiff has now filed three Complaints in this matter—none of which have sufficiently stated a claim. Plaintiff's Due Process and Equal Protection claims (Counts I and II) are dismissed with prejudice for failure to state a claim and its Administrative Review claim (Count III) is dismissed for want of subject-matter jurisdiction.

_____
Virginia M. Kendall
United States District Judge

Date: December 6, 2019